UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>MARCIA CAMPBELL,<br><br>　　　　　*Debtor*. | Chapter 7<br><br>Case No. 17-13518 (CGM) |

### ORDER GRANTING MOTION OF 3939 WHITE PLAINS ROAD FUNDING ASSOCIATES FOR ORDER CONFIRMING TERMINATION OF THE AUTOMATIC STAY PURSUANT TO SECTIONS 362(c) AND (j) OF THE BANKRUPTCY CODE

Upon the notice and motion dated March 30, 2018 (the "Motion")[Docket No. 33][1] filed by 3939 White Plains Road Funding Associates ("WPR"), pursuant to sections 362(c) and (j) of title 11 of the United States Code (the "Bankruptcy Code") and rule 9074-1 of the Local Bankruptcy Rules for the Southern District of New York for an order confirming termination of the automatic stay in order to clarify that WPR is no longer stayed from exercising its state law rights in connection with respect to that certain commercial investment property located 3939 White Plains Road, Bronx. NY 10466 [Block 4825, Lot 5] (the "Property") and the continuation of the associated foreclosure action pursuant to that certain judgment of foreclosure and sale (the "Judgment") in New York State Supreme Court for Bronx County, Index No. 380149/2013 (the "Foreclosure Action"); and the Court having jurisdiction to consider the Motion and the relief; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this

---

[1] Capitalized terms used herein but not defined shall have the meanings ascribed to such terms in the Motion.

- 2 -

Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion and the papers filed in response thereto; and the Court having determined that legal and factual bases, including those set forth in the Motion, establish cause for the relief granted herein; and upon the hearing held on the Motion on May 17, 2018; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, it is hereby:

ORDERED that the Motion is granted to the extent set forth herein; and it is further

ORDERED that the automatic stay in the above-captioned case terminated pursuant to section 362(c)(3)(A) of the Bankruptcy Code on January 8, 2018 and is no longer in effect in this case, and WPR is no longer stayed from exercising its state law remedies, including but not limited to proceeding with the Foreclosure Action and related proceedings, until such proceedings results in a final, non-appealable, and enforced judgment; and it is further

ORDERED that unless specifically provided in loan documents signed by the Debtor, WPR may not collect fees, expenses or other charges associated with a current or subsequent mortgage servicer; and it is further

Remainder of page intentionally left blank

ORDERED that the in the event the Foreclosure Action results in a liquidation of the Property for cash in excess of all amounts due to WPR under and/or in connection with the Judgment entered in the Foreclosure Action, WPR shall remit such excess cash to the above-captioned Debtor's estate and notify the assigned chapter 7 trustee and the Office of the United States Trustee of same.



**Dated: May 21, 2018**
    **Poughkeepsie, New York**

/s/ Cecelia G. Morris
_____
**Hon. Cecelia G. Morris**
**Chief U.S. Bankruptcy Judge**

- 3 -