HEARING DATE AND TIME: August 7, 2018 at 9:30 AM
Re. ECF Nos. 74, 75, 82, 83, 86

**RAVERT PLLC**
Gary O. Ravert
116 West 23rd Street, Fifth Floor
New York, New York 10011
Tel: (646) 966-4770
Fax: (917) 677-5419

*Attorneys for 3939 White Plains Road Funding Associates*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re:<br><br>MARCIA CAMPBELL,<br><br>*Debtor*. | Chapter 7<br><br>Case No. 17-13518 (CGM) |

**REPLY OF 3939 WHITE PLAINS ROAD FUNDING ASSOCIATES TO THE DEBTOR'S *LATE-FILED* OBJECTION TO THE TRUSTEE'S SALE MOTION**

TO THE HONORABLE CECILIA G. MORRIS,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

3939 White Plains Road Funding Associates ("WPR"), by and through its counsel, hereby replies to the late-filed objection (the "Objection") of the above-captioned debtor (the "Debtor") to chapter 7 Trustee's motion to sell (the "Sale Motion") that certain parcel of Debtor-owned commercial property known as 3939 White Plains Road, Bronx, NY 10466 [Block 9187, Lots 18] (the "Property"). In furtherance hereof, WPR respectfully represents as follows:

**REPLY**

1. This reply became necessary because at 7:21 pm last night, the night before the scheduled hearing on this matter, more than four days after the court-ordered objection deadline,[1]

---

[1] [Docket No. 83 ("Any objections to the Sale Motion shall be filed . . . no later than five (5) days before the Hearing Date").

the Debtor filed her objection to the Sale Motion. WPR sets forth this reply in writing because undersigned counsel has a conflict and may not be able to be present for the hearing scheduled for August 7, 2018. This hearing on this matter is scheduled for 9:30 am and undersigned counsel had a previously scheduled appearance before Magistrate Judge Reyes in the District Court for the Eastern District of New York for 10:30 am. As of 7:00 pm last night, there were no objections to the Sale Motion and no need for this Reply. But for the conflict, this Reply would have been made on the record at today's hearing.

2.      WPR holds a filed claim against the Debtor based on a final state court judgment of foreclosure and sale (the "Judgment") secured by the Property. The Judgment was entered on October 12, 2017 in New York State Supreme Court for Bronx County under Index No. 380149/2013. It followed many years of state court and bankruptcy court litigation and much expense to numerous parties. As of December 8, 2017 (the "Petition Date"), WPR's claim against the Debtor was in the prepetition amount of $738,047.62. As stated in its proof of claim, WPR believes the Property to be valued at approximately $775,000 leaving it fully secured.

3.      The Court should reject each and every one one of the Debtor's baseless objections to the Sale Motion. This Debtor has been avoiding the consequences of a first mortgage default since well before her 2013 foreclosure action began. Those efforts have included multiple bankruptcy filings. The Debtor has similarly avoided the consequences of her second mortgage default to her second mortgage lender Ninel Baker. In a prior bankruptcy case, the Debtor agreed to market and sell the Property to satisfy her creditors. She reneged on that commitment and her case was dismissed.

4.      The Debtor improperly tries to claim a homestead exemption. First, there is no homestead exemption to foreclosure. The state law homestead exemption under C.P.L.R. 5206(a) applies to *money judgments*, and then specifically excepts money judgments for the purchase price

of a home (and this is anyway not her home). And this exception makes sense since, if the homestead exemption protected against foreclosures, there would be no more foreclosures. Second, as noted by WPR and confirmed by the Trustee and his broker, the Property is used entirely for business purposes not as a home. Accordingly, WPR objected to loss mitigation[2] and vigorously disputes that the Property is the Debtor's home. As with the many, many lies and omissions from the Debtor's schedules, and the lies and omissions from the Debtor's 341 examination, her claim of residence is too a lie. The Trustee's and Ninel Baker's adversary complaints against the Debtor and/or her many business entities speak volumes because each addresses efforts to deceive, hide assets, or take actions not authorized by this Court (Adv. Pro. 18-01542-cgm seeks money judgment based on false pretenses, false representation, actual fraud; Adv. Pro. 18-01543-cgm challenges dischargeability based on fraud; Adv. Pro. 18-01584-cgm seeks to set aside an *unauthorized, post-petition*, 20-year commercial lease executed by the Debtor).

5.  Finally, all of the other arguments concerning the Property's value belie logic. The sale will determine if there is value here and, at this point, all parties except the Debtor believe there is adequate value in the Property to address creditor claims. For all of the following reasons, WPR requests that Court approve the Sale Motion at this time.

Dated: August 7, 2018
      New York, New York

RAVERT PLLC

By: /s/ Gary O. Ravert
    Gary O. Ravert
    116 West 23 Street, Fifth Floor
    New York, New York 10011
    Tel: (646) 961-4770
    Direct Fax: (917) 677-5419
    Email: gravert@ravertpllc.com
*Attorneys for 3939 White Plains Road Funding Associates*

---

[2] The loss mitigation hearing was adjourned to September 20th, not August 17th as stated in the Objection. The Debtor wants WPR to take a short sale or sell its judgment to an insider, which is something WPR is unwilling to do.