**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re:<br><br>MARCIA CAMPBELL,<br><br>    *Debtor.* | )<br>)<br>) Chapter 7<br>)<br>) Case No. 17-13518 (CGM)<br>)<br>)<br>)<br>)<br>) |

  Deborah B. Koplovitz, Esq., declares under penalty of perjury that the foregoing is true and correct.

  1. I am an attorney and a shareholder with Anderson Kill P.C.. Prior to joining Anderson Kill P.C., through May, 2016, I was a partner with the law firm of Rosen Livingston & Cholst LLP, which merged with Anderson Kill P.C. effective June 1, 2016.

  2. In approximately June 2012, Ninel Baker retained my former firm to address the default by the Debtor, Marcia Campbell, under a certain note and mortgage. (see Exhibit "A").

  3. While we initially pursued the default of the note and mortgage by virtue of prosecuting a New York State foreclosure proceeding, our representation continued throughout the present date, and consisted of handling and addressing the Debtor's numerous bankruptcy filings, which the Debtor has vigorously pursued. For example, the Debtor has effectively filed 4 bankruptcies in the Southern District of New York since 2012. (The fourth, being this case, was converted from her third chapter 13 case).

4. The work required in this matter has been significant and has been required solely due to the Debtor's continued "working the system" and going to extreme measures to try to stop the foreclosure of the real property which the Trustee has finally sold.

5. For example, in the first bankruptcy case, the Debtor submitted a wholly inaccurate and inadmissible real estate appraisal for the subject property and in light of her refusal to withdraw that appraisal for a piece of commercial real property, which was not performed by a licensed commercial appraiser, a Daubert motion was required to be made by me.

6. Over the last six years, my hourly rates have increased with my experience, as is usual and customary.

7. At the time Ms. Baker first came to us, Rosen Livingston & Cholst LLP was customarily paid for my services at the rates of $300.00 per hour. My rate has increased through the years and through a change in firms and is now $395.00 per hour. The rates for other partners, associates and paralegals who have worked on this matter through the years also charge reasonable and customary rates.

8. The amount of work which has been necessary to protect Ms. Baker's rights has been significant and has had to follow pace with the number of bankruptcy filings by the Debtor as well as her numerous claims that she was selling the property and wanted to obtain payoff information and made other claims that she wanted to obtain our client's consent to a short sale.

9. The Debtor consistently delayed and dragged on this process, all

the while refusing to make a single mortgage payment to Ms. Baker, who is a middle class senior citizen who has worked her whole life. She is not a large banking institution and the Debtor's actions have harmed Ms. Baker's finances.

10. The Debtor should not be permitted to cause Ms. Baker to have to suffer under the weight of legal fees which would not have been incurred for all these years had the Debtor simply agreed to sell the property as she did in her first bankruptcy case.

11. For some time prior to instituting foreclosure proceedings, I contacted the Debtor by letter several times, for the purpose of effectuating collection of the arrears and avoiding this foreclosure action.

12. When no payments were made, my firm filed a foreclosure case, and also participated in the senior lender's foreclosure case.

13. My firm subsequently prepared the summons, complaint and *lis pendens*, and filed same with the Clerk of the County of Bronx. The summons and complaint and *lis pendens* were subsequently served upon all of the necessary party defendants.

14. That case was stayed in light of the Debtor's first bankruptcy, in which many motions and appearances were necessary, including a motion to lift the automatic stay and a Daubert motion.

15. When the Debtor defaulted in her agreement to sell the property, her bankruptcy case was dismissed by Court order. She shortly thereafter filed another bankruptcy case in the White Plains division of the Southern District of New

York. Another motion to lift the automatic stay was made by our office. However, after that case was also dismissed, the foreclosure cases were then restarted, and a motion was made in that case.

16. The bank was first to get to a judgment and on the eve of their foreclosure auction, the Debtor filed another bankruptcy case under chapter 13, which was then converted to a chapter 7.

17. Prior to the most recent bankruptcy, significant work was done to try to effectuate a settlement and voluntary sale of the premises and to pay Ms. Baker. However, that did not lead to anything other than another bankruptcy petition by the Debtor.

18. In the current bankruptcy, a motion was made to lift the stay, we have had significant dealings with the Trustee and many Court appearances (as with the other previous bankruptcy cases) were required, and an adversary case was filed and served. Due to the Debtor's failure to answer the Complaint, a request for a default was also made.

19. I respectfully submit that Ms. Baker is entitled to be reimbursed for all of the legal fees and costs which have been incurred since 2012 based upon the facts as set forth in this affirmation and in the detailed description of counsel's time actually, reasonably and necessarily expended to date, see Exhibit "B". Pre-petition legal fees and costs are $14,378.28 from Anderson Kill P.C. and

$38,757.97 from Rosen Livingston & Cholst LLP. Post-petition legal fees and costs from Anderson Kill P.C. are currently sought in the amount of $34,955.00. These are all reasonable and have been necessarily incurred over a period of time of more than six years.

WHEREFORE, it is respectfully prayed that the Court direct the Trustee to pay Ms. Baker the sum of $199,557.25 out of the proceeds of the sale of the real property located at 3939 White Plains Road, Bronx, New York and that said direction include paying Ms. Baker's accrued legal fees, disbursements, and costs, in the amounts established herein, and that the Court grant Ms. Baker such other and further relief as this Court deems just, proper and equitable under the circumstances.

Dated: New York, New York
      December 19, 2018

                                    /s/ Deborah B. Koplovitz
                                    Deborah B. Koplovitz